# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DICKERSON,**

    **Plaintiff,**

  v.                                                                  Case No. 19-CV-177

**ALLISON GERSY AND
DILLON BEVERLY,**

    **Defendants.**

---

## ORDER

---

Travis Dickerson, an inmate at the Milwaukee Secure Program Facility who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. He alleges that his parole officer and her supervisor, defendants Allison Gersy and Dillon Beverly, respectively, retaliated against him and denied him his First Amendment right to freedom of association. Before me is the defendants' motion for summary judgment. They argue that Dickerson did not exhaust the available administrative remedies before initiating this lawsuit. For the reasons explained below, I will deny defendants' motion for summary judgment.

## BACKGROUND

In the complaint, Dickerson alleges that on October 17, 2018, he gave his parole officer, defendant Allison Gersy, a visiting list so his family members could get approved to visit him. On December 4, 2018, defendant Gersy allegedly denied Dickerson's request to have his friend, Hattie A. Smith, on his visiting list. He states that he and Smith do not have

a case together and that Smith is not "on any type of probation or parole supervision for her to get denied from [his] visiting list." (Docket # 1 at 2.)

Dickerson alleges that Hattie Smith contacted defendant Gersy's supervisor, defendant Dillon Beverly, about why her visitation rights were denied, and Dillon Beverly told her that she would ask Gersy about it. Hattie Smith allegedly called the Department of Community Corrections and spoke with the defendants. Dickerson states that the defendants asked Hattie Smith to sign a statement saying that she is not scared of Dickerson, but Smith allegedly did not go to the Department to sign a statement.

Dickerson alleges that defendant Gersy sent him a copy of his visiting list and it stated "victimization" as a reason for denying Hattie Smith from the visiting list. Dickerson states that defendant Gersy is "clearly being vindictive & showing signs of retaliation" because he was allowed to proceed on a Fourth Amendment claim against her in another case. (Docket # 1 at 3.) Dickerson also states that defendant Dillon Beverly retaliated against him because, as Gersy's supervisor, Dillon Beverly could have reversed Gersy's decision.

On May 8, 2019, Dickerson filed a motion for summary judgment on the merits of his claims. (Docket # 10.) On June 27, 2019, the defendants filed a motion for summary judgment on exhaustion grounds, and a motion to stay dispositive motion deadlines pending a decision on exhaustion. (Docket # 19, Docket # 23.) The court granted the defendants' motion to stay deadlines. (Docket # 24.)

## ANALYSIS

1. *Applicable Law*

Because Dickerson was incarcerated when he filed his complaint, the Prison Litigation Reform Act (PLRA) applies to this case. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to "adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available, and that Dickerson failed to pursue it. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2016) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

*2. Application to this case*

In this case, it is undisputed that Dickerson did not file any offender complaints about Hattie Smith not being added to his visiting list. (Docket # 21.) On this basis, the defendants argue that Dickerson failed to exhaust his administrative remedies. In response, Dickerson filed a declaration in which he cites case law regarding exhaustion. (Docket # 26.) For example, Dickerson states that if the defendant demonstrates that a plaintiff failed to complete the exhaustion process in accordance with prison policies, it might be because the process was not available to the plaintiff; prison officials may not take unfair advantage of the exhaustion requirement; and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. (*Id.* at 1.) However, Dickerson does not allege that anything of this sort happened to him, nor does he make any argument specific to his case.

Nonetheless, it is unclear whether Dickerson needed to file an inmate complaint at MSDF regarding the conduct of his parole officer, who presumably does not work there. The Wisconsin Department of Corrections' Inmate Complaint Review System (ICRS) provides that "[a]n inmate may use the ICRS to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). The defendants' actions may have had an impact on Dickerson's living conditions at MSDF, *if* Gersy had the final say on Dickerson's visitation list at MSDF. But this is not clear. Moreover, the ICRS provides that an inmate may *not* use the ICRS to challenge a parole commission decision, Wis. Admin. Code § DOC 310.06(3), and it is not clear whether the defendants' actions constituted "parole commission decisions."

4

The exhaustion requirement is interpreted strictly and a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." *Id.* The defendants have not demonstrated that there was an available administrative remedy under the ICRS. Based on the lack of clarity as to Dickerson's need to file an inmate complaint raising the issue of the defendants' alleged retaliatory failure to include Hattie Smith on his visiting list, the court will deny their motion for summary judgment on exhaustion grounds.

As requested in the defendants' motion to stay deadlines, (Docket # 23 at 2), the court will provide them 60 days to file a response to Dickerson's motion for summary judgment and to file their own motion for summary judgment.

**THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (Docket # 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' response to Dickerson's motion for summary judgment is due by **January 3, 2020**.

**IT IS FURTHER ORDERED** that the deadline for the defendants to file their own motion for summary judgment is **January 3, 2020**.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2019.

                                        **BY THE COURT:**

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge