UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DICKERSON,

    Plaintiff,

    v.                                       Case No. 19-CV-177

ALLISON GERSY AND
DILLON BEVERLY,

    Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

---

Travis Dickerson, a prisoner representing himself, alleges that the defendants, who are his parole officer and her supervisor, vindictively refused to allow his friend to visit him at the Milwaukee Secure Detention Facility (MSDF). On November 25, 2019, I denied the defendants' motion for summary judgment for failure to exhaust administrative remedies because it was not clear whether Dickerson had an available administrative remedy under the Inmate Complaint Review System (ICRS). (Docket # 30.) The defendants have filed a motion for reconsideration in which they argue that I should reconsider my decision and dismiss Dickerson's case. (Docket # 31.) For the reasons explained below, I will grant the defendants' motion and dismiss this case without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

In the complaint, Dickerson alleges that on October 17, 2018, he gave his parole officer, defendant Allison Gersy, a visiting list so his family members could get approved to

visit him. On December 4, 2018, defendant Gersy allegedly denied Dickerson's request to have his friend, Hattie A. Smith, on his visiting list. He states that he and Smith do not have a case together and that Smith is not "on any type of probation or parole supervision for her to get denied from [his] visiting list." (Docket # 1 at 2.) Dickerson alleges that Hattie Smith contacted defendant Gersy's supervisor, defendant Dillon Beverly, about why her visitation rights were denied, and Dillon Beverly told her that she would ask Gersy about it. Hattie Smith allegedly called the Department of Community Corrections and spoke with the defendants. Dickerson alleges that defendant Gersy sent him a copy of his visiting list and it stated "victimization" as a reason for denying Hattie Smith from the visiting list. Dickerson states that defendant Gersy is "clearly being vindictive & showing signs of retaliation" because he was allowed to proceed on a Fourth Amendment claim against her in another case. (Docket # 1 at 3.) Dickerson also states that defendant Dillon Beverly retaliated against him because, as Gersy's supervisor, Dillon Beverly could have reversed Gersy's decision.

On November 25, 2019, I denied the defendants' motion for summary judgment for failure to exhaust administrative remedies. (Docket # 30.) I found that, while it is undisputed that Dickerson did not file any offender complaints about Hattie Smith not being added to his visiting list and Dickerson did not allege that anything prevented him from exhausting administrative remedies, it was unclear whether Dickerson needed to file an inmate complaint at MSDF regarding the conduct of his parole officer, who presumably did not work there, because while the defendants' actions *may* have had an impact on Dickerson's living conditions at MSDF if Gersy had the final say on Dickerson's visitation list at MSDF, this was not clear. (Docket # 30 at 4.) I also questioned whether Dickerson

needed to exhaust administrative remedies because, under Wis. Admin. Code § DOC 310.06(3), if their actions constituted "parole commission decisions" then Dickerson could not use the ICRS to challenge them. (Docket # 30 at 4.) Based on these factors, I concluded that the defendants had not demonstrated that Dickerson had an available administrative remedy under the ICRS. (Docket # 30 at 5.)

## STANDARD OF REVIEW

Motions to reconsider denials of summary judgment are governed by Rule 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987). *Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

## DISCUSSION

The defendants move for reconsideration on the ground that that I erroneously concluded that the ICRS did not provide an available remedy to Dickerson. (Docket # 31 at

3

3.) The defendants assert that while the Warden of the institution would have determined who was on Dickerson's visiting list, Wis. Admin. Code § DOC 309.08(4), Dickerson alleged in his complaint and in his Proposed Findings of Fact in support of his own motion for summary judgment that the defendants played a role in determining who was on his visiting list. (Docket # 31 at 3-4.) The defendants contend that whether Dickerson was correct or not as to the role the defendants played in his visitation list, Dickerson had an available administrative remedy via the ICRS. (*Id.* at 4.) They argue that under Wis. Admin. Code § DOC 309.08(6) Dickerson could have appealed the visitation denial first to the warden and then he could have filed an inmate complaint about it. (Docket # 31 at 4.) The defendants also note that the visitation issue was "well within the jurisdiction of the inmate complaint system[,]" given that inmate complaints can ultimately be appealed to the secretary of the Department of Corrections (DOC), who oversees the DOC's Division of Community Corrections which is the division that employs the defendants. (*Id.* at 4-5.)

Next, the defendants clarify that the visitation decision by Gersy or Dillon was not a "parole commission decision" and, therefore, was not exempt from ICRS review under Wis. Admin. Code § DOC 310.06(3). (Docket # 31 at 5.) The Wisconsin Parole Commission is the final authority for granting discretionary parole or early release from prison for crimes committed before December 31, 1999. (*Id.*) [1] Its general duties, which are laid out in Wis. Stat. § 304.01(2), do not include involvement in visiting decisions at prisons. (Docket # 31 at 5.)

In response to the defendants' motion for reconsideration, Dickerson filed a declaration in which he requests that I order the defendants to file a response to his motion

---

[1] *See* http://doc.wi.gov/Pages/AboutDOC/ParoleCommission.aspx. (last visited Jan. 7, 2020).

for summary judgment on the merits and that I enter default if the defendants fail to timely respond.[2] (Docket # 32 at 1.) Dickerson does not address the substance of the defendants' motion for reconsideration.

In denying the defendants' motion for summary judgment on exhaustion grounds, I determined that it was not clear whether Dickerson had an available administrative remedy against the defendants under the ICRS given their positions outside of MSDF. However, Wis. Admin. Code § DOC 310.06(3) states as follows: "If the warden disapproves a proposed visitor … the warden shall inform the visitor of the reasons for the action in writing. The proposed visitor may appeal this decision in writing to the warden. An inmate may appeal this decision through the inmate complaint review system." Wis. Admin. Code § DOC 310.06(3). Accordingly, the defendants are correct that ICRS does provide an available administrative remedy to Dickerson. As such, Dickerson was required to exhaust the visitation denial as the prison rules required before bringing a claim against the defendants based on their alleged failure to include his friend on his visitation list . *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In other words, when Hattie Smith was not allowed to visit Dickerson at MSDF, she could have appealed the visitation denial to the Warden under Wis. Admin. Code § DOC 309.08(6). Importantly then, Dickerson could have appealed this decision through the ICRS. (*Id.*) It is undisputed that Dickerson did not file any offender complaint about Hattie Smith not being added to his visiting list. I will therefore grant the defendants' motion for reconsideration and dismiss this case without

---

[2] Dickerson filed his motion for summary judgment on May 8, 2019. (Docket # 10.) In the order denying the defendants' motion for summary judgment on exhaustion grounds, I ordered the defendants to file a response to Dickerson's motion, and to file their own summary judgment motion, by January 3, 2020. (Docket # 30 at 5.) The defendants' motion for reconsideration includes a request to stay the January 3, 2020 dispositive motions deadlines. (Docket # 31 at 6.) I will grant this request.

prejudice for failure to exhaust administrative remedies. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for reconsideration (Docket # 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court's order denying the defendants' motion for summary judgment on exhaustion grounds (Docket # 30) is **VACATED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket # 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket # 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing this case without prejudice.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this

deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 13th day of January, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge